4/03/19  3:21PM

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Christine M Black** |
| | First Name        Middle Name                    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name        Middle Name                    Last Name |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF VIRGINIA** |
| Case number: | **19-60611** |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

Official Form 113

# Chapter 13 Plan

**12/17**

---

## Part 1:  Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ **Included** | ☑ **Not Included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ **Included** | ☑ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |

## Part 2:  Plan Payments and Length of Plan

**2.1    Debtor(s) will make regular payments to the trustee as follows:**

**$750.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐    Debtor(s) will make payments pursuant to a payroll deduction order.
☑    Debtor(s) will make payments directly to the trustee.
☐    Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑    Debtor(s) will retain any income tax refunds received during the plan term.

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

4/03/19  3:21PM

| Debtor | **Christine M Black** | Case number | **19-60611** |
|---|---|---|---|

☐      Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐      Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
  *Check one.*
  ☑      **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**      **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $45,000.00.**

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1**      **Maintenance of payments and cure of default, if any.**

*Check one.*
☐      **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑      The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Buddy's Home Furnishings** | **Sectional Sofa** | **$129.79** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | Prepetition: **$171.00** | **0.00%** | **pro-rata** | **$171.00** |
| **LoanCare LLC** | **221 Melwood dr Madison Heights, VA 24572 Amherst County** | **$956.33 per month beginning May 2019** <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | **$4,785.00-$3,810.00 for pre-petition arrears; $975.00 for post-petition arrears** | **0.00%** | **pro-rata** | **$4,785.00** |

*Insert additional claims as needed.*

**3.2**      **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑      **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**      **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐      **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑      The claims listed below were either:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

4/03/19  3:21PM

Debtor    **Christine M Black**                                    Case number    **19-60611**

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| **Ally Financial** | **2011 Chevrolet Tahoe 102794 miles; The total amount of claim is $28,332.59. The debtor rejects the contract for gap coverage with Ally Premier Protection Virginia, in the amount of $899.00 and also rejects the extended service contract with Ally Premier Protection Virginia, in the amount of $3,976.00. Therefore claim will be in the amount of $23,457.59.** | **$23,457.59** | **5.50%** | **AP payment of $163.34 for 9 months and then the regular payments of $395.20 for 50 months** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$21,230.06** |
| **Amherst County Treasurer** | **2011 Chevrolet Tahoe 102794 miles** | **$538.66** | **5.50%** | **payments of $12.08 for 50 months to begin 9 months after confirmation date** Disbursed by: ☑ Trustee ☐ Debtor(s) | **$604.00** |

*Insert additional claims as needed.*

**3.4      Lien avoidance**.

*Check one.*
☑          **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5      Surrender of collateral.**

*Check one.*
☑          **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |
|---|---|

**4.1      General**

Official Form 113                                    **Chapter 13 Plan**                                    Page 3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

4/03/19  3:21PM

Debtor   **Christine M Black**   Case number   **19-60611**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**     **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**4,500.00**.

**4.3**     **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,050.00**.

**4.4**     **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☐        **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑        The debtor(s) estimate the total amount of other priority claims to be **$2.00**

**4.5**     **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑        **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

Part 5:     **Treatment of Nonpriority Unsecured Claims**

**5.1**     **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐     The sum of $          .
☑        **12**   % of the total amount of these claims, an estimated payment of $   **9,658.00**      .
☑     The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **0.00**     .
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**     **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑        **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**     **Other separately classified nonpriority unsecured claims.** *Check one*.

☑        **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

Part 6:     **Executory Contracts and Unexpired Leases**

**6.1**     **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑        **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

Part 7:     **Vesting of Property of the Estate**

**7.1**     **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑     plan confirmation.
☐     entry of discharge.
☐     other: _____

4/03/19  3:21PM

| Debtor | **Christine M Black** | Case number | **19-60611** |
| --- | --- | --- | --- |

---

| Part 8: | **Nonstandard Plan Provisions** |
| --- | --- |

**8.1      Check "None" or List Nonstandard Plan Provisions**
☐          **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**(a).  Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of the this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

**Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b).  Attorneys Fees**

**Attorneys Fees noted in Part 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Part 3, 4, 5 and 6 herein, except adequate protection payments, ongoing mortgage payments or regular payments to be paid by the Trustee**

**(c).  Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Part 3.1).**

| **Creditor** | **Month Debtor to resume regular direct payments** |
| --- | --- |
| **LoanCare LLC** | **May 2019** |

 **########ATTENTION ALL SECURED CREDITORS LISTED IN PART 3.1  ######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PART 3.1 , SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE.  SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

 *************** ATTENTION, CREDITORS LISTED IN PART 3.5.***************
**THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

****************************ATTENTION CREDITOR- Ally Premier Protection Virginia*****************************
**The total amount of claim is $28,332.59. The debtor rejects the contract for gap coverage with Ally Premier Protection Virginia, in the amount of $899.00 and also rejects the extended service contract with Ally Premier Protection Virginia, in the amount of $3,976.00. Therefore claim will be in the amount of $23,457.59.**

**Treatment and Payment of Claims.**
**• All creditors must timely file a proof of claim to receive payment from the Trustee.**
**• If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.**
**• If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.**
**• The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.**

**\*\*\*ATTN:STUDENT LOAN PROVIDERS/SERVICERS. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans:**

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

4/03/19  3:21PM

| Debtor | **Christine M Black** | Case number | **19-60611** |

**The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), including but not limited to the Public Service Loan Forgiveness program, without disqualification due to her bankruptcy. Any direct payments made from the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.   During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.**

---

| Part 9: | **Signature(s):** |

**9.1       Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional.  The attorney for Debtor(s), if any, must sign below.*

X   **/s/ Christine M Black**                                     X   _____
     **Christine M Black**                                                      Signature of Debtor 2
     Signature of Debtor 1

     Executed on    **March 20, 2019**                          Executed on    _____

X   **/s/ Stephen E. Dunn**                                      Date   **March 20, 2019**
     **Stephen E. Dunn 26355**
     Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

---

4/03/19  3:21PM

| Debtor | **Christine M Black** | Case number | **19-60611** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | | |
|---|---|---|---|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | | **$4,956.00** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | | **$0.00** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | | **$20,363.96** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | | **$8,552.00** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | | **$11,128.04** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)* | + | **$0.00** |

| | |
|---|---|
| **Total of lines a through j** | **$45,000.00** |

4/03/19  3:21PM

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Christine M Black** |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF VIRGINIA |
| Case number<br>(If known) | **19-60611** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter
13 income as of the following date:

_____
MM / DD/ YYYY

Official Form 106I

# Schedule I: Your Income

**12/15**

**Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

| Part 1: | Describe Employment |
|---|---|

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| Occupation | | **Loan Coordinator** | **unemployment** |
| Employer's name | | **Presbyterian Homes & Family Svcs** | |
| Employer's address | | **2600 Memorial ave Ste 201<br>Lynchburg, VA 24501** | |
| How long employed there? | | **3 years** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **3,042.00** | $ **0.00** |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ **0.00** | +$ **0.00** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4. | $ **3,042.00** | $ **0.00** |

4/03/19  3:21PM

Debtor 1   **Christine M Black**                                    Case number (*if known*)   **19-60611**

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| **Copy line 4 here** | 4. | $ | **3,042.00** | $ **0.00** |

5. **List all payroll deductions:**

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ | **225.05** | $ **0.00** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ | **0.00** | $ **0.00** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ | **30.42** | $ **0.00** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ | **0.00** | $ **0.00** |
| 5e. | **Insurance** | 5e. | $ | **119.10** | $ **0.00** |
| 5f. | **Domestic support obligations** | 5f. | $ | **0.00** | $ **0.00** |
| 5g. | **Union dues** | 5g. | $ | **0.00** | $ **0.00** |
| 5h. | **Other deductions.** Specify:   **401K loan (balance $800)** | 5h.+ | $ | **39.61** + | $ **0.00** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ **414.18**   $ **0.00**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ **2,627.82**   $ **0.00**

8. **List all other income regularly received:**

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ | **0.00** | $ **0.00** |
| 8b. | **Interest and dividends** | 8b. | $ | **0.00** | $ **0.00** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ | **0.00** | $ **0.00** |
| 8d. | **Unemployment compensation** | 8d. | $ | **0.00** | $ **1,638.00** |
| 8e. | **Social Security** | 8e. | $ | **0.00** | $ **0.00** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify:   **Food stamps** | 8f. | $ | **248.00** | $ **0.00** |
| 8g. | **Pension or retirement income** | 8g. | $ | **0.00** | $ **0.00** |
| 8h. | **Other monthly income.** Specify:   **1/12 tax refund** | 8h.+ | $ | **536.91** + | $ **0.00** |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ **784.91**   $ **1,638.00**

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ **3,412.73** + $ **1,638.00** = $ **5,050.73**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify: _____   11.   +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.   $ **5,050.73**

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■   No.
    ☐   Yes. Explain: _____

---

Official Form 106I                    **Schedule I: Your Income**                    page 2

4/03/19 3:21PM

Fill in this information to identify your case:

Debtor 1    **Christine M Black**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    WESTERN DISTRICT OF VIRGINIA

Case number    **19-60611**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
## Schedule J: Your Expenses                                                      **12/15**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ■ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**

   ☐ No
   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.    ■ Yes. Fill out this information for each dependent..............

   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 1 | ☐ No  ■ Yes |
| Son | 3 | ☐ No  ■ Yes |
| Son | 11 | ☐ No  ■ Yes |
| Son | 16 | ☐ No  ■ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J,* check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ **956.33**

   **If not included in line 4:**

   | | | |
   |---|---|---|
   | 4a. | Real estate taxes | 4a. $ **0.00** |
   | 4b. | Property, homeowner's, or renter's insurance | 4b. $ **0.00** |
   | 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ **100.00** |
   | 4d. | Homeowner's association or condominium dues | 4d. $ **0.00** |

5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

Official Form 106J    **Schedule J: Your Expenses**    page 1

4/03/19  3:21PM

Debtor 1    **Christine M Black**    Case number (if known)    **19-60611**

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ | **300.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **145.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **400.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **1,050.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **200.00** |
| 10. | **Personal care products and services** | | 10. $ | **100.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **100.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **400.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **75.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

| | | | |
|---|---|---|---|
| 15a. | Life insurance | 15a. $ | **0.00** |
| 15b. | Health insurance | 15b. $ | **0.00** |
| 15c. | Vehicle insurance | 15c. $ | **155.00** |
| 15d. | Other insurance. Specify: | 15d. $ | **0.00** |

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify:    **PPT**    16. $    **35.00**

17. **Installment or lease payments:**

| | | | |
|---|---|---|---|
| 17a. | Car payments for Vehicle 1 | 17a. $ | **0.00** |
| 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| 17c. | Other. Specify:  **Buddy's home furnishing ($850.00)** | 17c. $ | **129.79** |
| 17d. | Other. Specify: | 17d. $ | **0.00** |

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**    18. $    **0.00**

19. **Other payments you make to support others who do not live with you.**    $    **0.00**
Specify:    19.

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**

| | | | |
|---|---|---|---|
| 20a. | Mortgages on other property | 20a. $ | **0.00** |
| 20b. | Real estate taxes | 20b. $ | **0.00** |
| 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |

21. **Other:** Specify:    **Emergency Funds**    21. +$    **150.00**

22. **Calculate your monthly expenses**

| | | |
|---|---|---|
| 22a. Add lines 4 through 21. | $ | **4,296.12** |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | **4,296.12** |

23. **Calculate your monthly net income.**

| | | |
|---|---|---|
| 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **5,050.73** |
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **4,296.12** |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. $ | **754.61** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

Official Form 106J    **Schedule J: Your Expenses**    page 2

ALLY FINANCIAL
JEFFREY BROWN, CEO
ALLY DETROIT CENTER
DETROIT, MI 48226

FEDLOAN SERVICING
ATTN: BANKRUPTCY
PO BOX 69184
HARRISBURG, PA 17106

STEVE BLACK
221 MELWOOD DR
MADISON HEIGHTS, VA 24572

ALLY FINANCIAL
PO BOX 380901
BLOOMINGTON, MN 55438

FIRST PREMIER BANK
ATTN: BANKRUPTCY
PO BOX 5524
SIOUX FALLS, SD 57117

SYNCHRONY BANK/WALMART
ATTN:  BANKRUPTCY DEPT
PO BOX 965060
ORLANDO, FL 32896

ALLY PREMIER PROTECTION -VIRGINIA
ATT: H LOCKMAN
PO BOX 8132
COCKEYSVILLE, MD 21030

GENESIS BC/CELTIC BANK
ATTN: BANKRUPTCY
268 SOUTH STATE STREET STE 300
SALT LAKE CITY, UT 84111

VA DEPARTMENT OF TAXATION
BANKRUPTCY UNIT
PO BOX 2156
RICHMOND, VA 23218

ALLY PREMIER PROTECTION- VIRGINIA
ATT: H LOCKMAN
PO BOX 8132
COCKEYSVILLE, MD 21030

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

WESTERN ALLIANCE
FOR CENTRA / ATTN: BANKRUPT
PO BOX 927830
SAN DIEGO, CA 92192

AMHERST COUNTY TREASURER
JOANNE CARDEN, TREASURER
PO BOX 449
AMHERST, VA 24521

JEFFERSON CAPITAL SYSTEMS, LLC
PO BOX 1999
FOR VERZION WIRELESS
SAINT CLOUD, MN 56302

BUDDY'S HOME FURNISHINGS
5205 FORT AVE
LYNCHBURG, VA 24502

LOANCARE
PO BOX 79001
PHOENIX, AZ 85062

BUDDY'S HOME FURNISHINGS AKA
FREDERICKSBURG RTO, LLC RA:D KAUFMAN
439 JEFFERSON DAVIS HWY
FREDERICKSBURG, VA 22401

LOANCARE LLC
ATTN: CONSUMER SOLUTIONS DEPT
PO BOX 8068
VIRGINIA BEACH, VA 23450

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY, UT 84130

PLAZA SERVICES, LLC
110 HAMMOND DRIVE
SUITE 110 , FOR FIRST VIRGINIA
ATLANTA, GA 30328

COMENITY BANK/VICTORIA SECRET
ATTN: BANKRUPTCY DEPT
PO BOX 182125
COLUMBUS, OH 45318

SCA
1502 WILLIAMSON RD NE
FOR CENTRA HEALTH
ROANOKE, VA 24012

CREDIT ONE BANK
ATTN: BANKRUPTCY
PO BOX 98873
LAS VEGAS, NV 89193

SPRINT NEXTEL CORRESPONDENCE
ATTN BR DEPT.
PO BOX 7949
OVERLAND PARK, KS 62207-0949

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

**In re: Christine M Black**

**Chapter 13**

**Case No. 19-60611**

**Debtor(s).**

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **April 3, 2019**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **April 4, 2019**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint.  I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| Name | Address | Method of Service |
|------|---------|-------------------|
|      |         | Certified Mail    |

/s/ Stephen E. Dunn
/s/ Michelle J. Dunn
Counsel for Debtor(s)